**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT COURT OF NEW YORK**

| | |
|---|---|
| MACARIA MEZA, Individually and on Behalf of All Others Similarly Situated,<br><br>                            Plaintiff,<br><br>       v.<br><br>CONSTELLATION BRANDS, INC., BILL NEWLANDS, and GARTH HANKINSON,<br><br>                        Defendants. | Case No. 6:25-cv-6107-EAW<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE OR DENY MOTION TO DISMISS**<br><br>**CLASS ACTION**<br><br><u>Demand for Jury Trial</u> |

**TABLE OF CONTENTS**

I.   INTRODUCTION. ....................................................................................... 1

II.  STATEMENT OF FACTS. .......................................................................... 2

III. STANDARDS OF LAW. ............................................................................. 5

IV.  ARGUMENT. .............................................................................................. 6

      A.   "APPENDIX A: CHART OF ALLEGED MISSTATEMENTS, ORGANIZED BY CATEGORY AND BASES FOR DISMISSAL" ........................................... 8

      B.   "APPENDIX C: INDIVIDUAL DEFENDANTS' STOCK TRANSACTIONS" 10

      A.   "APPENDIX B: CHART OF CAUTIONARY LANGUAGE" ........................... 11

      B.   "APPENDIX D: CHART OF FY 2025 GUIDANCE AND SUBSEQUENT REVISIONS" ...................................................................................... 12

      C.   RELIEF IS WARRANTED. .............................................................. 12

V.   CONCLUSION. ............................................................................................ 14

# TABLE OF AUTHORITIES

**Cases**

*In re Acadia Pharms. Inc. Secs. Litig.*,

   No. 18-CV-01647-AJB-BGS, 2020 WL 2838686 (S.D. Cal. June 1, 2020) .............................. 9

*CareMatrix Corp. v. Kaplan*,

   No. CV053173TCPGRB, 2012 WL 13102106 (E.D.N.Y. July 3, 2012) ................................ 14

*Cheng Jiangchen v. Rentech, Inc.*,

   No. CV 17-1490-GW(FFMX), 2017 WL 10363990 (C.D. Cal. Nov. 20, 2017)...................... 10

*Laboy v. Ontario Cnty., N.Y.*,

   56 F. Supp. 3d 255 (W.D.N.Y. 2014) .................................................................................... 5

*Luo v. Spectrum Pharms., Inc.*,

   No. 2:21-CV-01612-CDS-BNW, 2024 WL 4443323 (D. Nev. Oct. 7, 2024)................ 9, 10, 13

*Monec Holding AG v. Motorola Mobility, Inc.*,

   No. CV 11-798-LPS-SRF, 2014 WL 4402825 (D. Del. Sept. 5, 2014).................................... 7

*Monfort v. Adomani*,

   No. 18-CV-05211-LHK, 2019 WL 6311378, (N.D. Cal. Nov. 25, 2019) .................................. 9

*Moussouris v. Microsoft Corp.*,

   No. C15-1483JLR, 2018 WL 3328418 (W.D. Wash. June 25, 2018), *aff'd,* 799 F. App'x 459

   (9th Cir. 2019) ..................................................................................................................... 14

*Muench Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.*,

   No. 09 CIV. 2669 LAP, 2015 WL 4757601 (S.D.N.Y. Aug. 12, 2015).................................... 5

*Murphy v. Maggs*,

No. 18-CV-6628FPG, 2024 WL 884992 (W.D.N.Y. Mar. 1, 2024), *reconsideration denied*,

No. 18-CV-6628FPG, 2024 WL 5001415 (W.D.N.Y. Dec. 6, 2024), *reconsideration denied*

*sub nom. Murphy v. Cnty. of Chemung*, No. 6:18-CV-06628 FPG, 2025 WL 207946

(W.D.N.Y. Jan. 16, 2025), *reconsideration denied*, No. 6:18-CV-06628-FPG-CDH, 2025 WL

1903787 (W.D.N.Y. July 10, 2025) ........................................................................... 11

*Purifoy v. Walter Inv. Mgmt. Corp.*,

No. 13-CV-937 (RJS), 2015 WL 9450621 (S.D.N.Y. Dec. 22, 2015) ...................................... 13

*Quattlander v. Ray*,

No. 18-CV-3229 (CS), 2021 WL 5043004 (S.D.N.Y. Oct. 29, 2021)...................................... 13

*SA Luxury Expeditions, LLC v. Schleien*,

No. 22-CV-3825 (VEC), 2022 WL 3718310 (S.D.N.Y. Aug. 29, 2022) ................................. 13

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,

551 U.S. 308 (2007) .............................................................................................. 4

*United States v. Kiwitt*,

No. 20-CR-6097-CJS-MJP-1, 2025 WL 2443680 (W.D.N.Y. Aug. 25, 2025).......................... 5

*Velez v. Novartis Pharms. Corp.*,

No. 04 CIV. 9194 (CM), 2009 WL 3395091 (S.D.N.Y. Oct. 20, 2009)................................... 13

*Venkataraman v. Kandi Techs. Grp., Inc.*,

No. 20 CIV. 8082 (DEH), 2025 WL 2770640 (S.D.N.Y. Sept. 26, 2025................................. 5

*Wlasiuk v. Noeth*,

No. 9:17-CV-0972 (MAD/DEP), 2017 WL 11913991 (N.D.N.Y. Sept. 29, 2017) ................... 5

**Rules**

W.D.N.Y. Loc. Civ. R. 7(a)(2)(c) ................................................................................ 2, 5, 6, 7, 12

W.D.N.Y. Loc. Civ. R. 7(a)(3) ................................................................................................. 5, 6

## I.    INTRODUCTION.

Lead Plaintiff Low Lily and Plaintiff Macaria Meza (collectively, "Plaintiffs") respectfully request that this Court deny Defendants' Notice of Motion to Dismiss (the "Motion", ECF Nos. 29, 30, 31) for violating the Court's September 11, 2025 order granting the Request for Leave to File Excess Pages (ECF No. 28, the "Order") by submitting well in excess of 40 pages of legal and factual arguments in the Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint ("Memorandum", ECF No. 31). Although the *body* of the Memorandum is forty pages, the legal and factual arguments presented totals 98 pages when including the four appendices attached to the Memorandum ECF Nos. 31-1, 31-2, 31-3, 31-4. These appendices not only contain admittedly legal arguments, such as Defendants' "Bases for Dismissal," but also blended legal and factual arguments such as those detailing Defendants Newlands and Hankinson transactions in STZ's securities that includes Defendants' self-serving calculations thereof purportedly evidencing why such transactions do not support an inference of scienter (Appendix C, ECF No 31-3). The appendices (ECF Nos 31-1, 31-2, 31-3, 31-4 (collectively, the "Appendices")) are nothing more than a blatant circumvention the Court's Order.

Notably, the argument in Defendants' Memorandum and Appendices spans 98 pages which is almost as long as the Amended Complaint's length of 129 pages. *Compare* ECF Nos. 31, 31-1, 31-2, 31-3, 31-4 *with* ECF No. 26. As such, Plaintiffs have exerted substantial time and resources responding to the Defendants' over-the-page limits brief to protect their claims, but absent relief from Defendants' violation of the Court's order limiting Defendants' Motion to 40 pages, they will be irreparably prejudiced. Given the egregiousness of the violation,[1] Plaintiffs respectfully request

---

[1] This does not even take into account the over 1,000 pages of Exhibits which Defendants rely upon to construct Defendants' factual narrative before, during, and after the Class Period and to create the Appendices. Plaintiffs continue to reserve all rights and arguments concerning the

that the Court resolve the Motion against Defendants by denying it in its entirety with prejudice to refile. If the Court is not swayed to provide such relief, Plaintiffs seek in the alternative to strike the Appendices and all arguments from Defendants' Memorandum that rely upon them in their entirety under the Court's inherent authority and/or Rule 12(f) of the Federal Rules of Civil Procedure, [2] or at minimum, to disregard the Appendices and the arguments that rely upon them from the Memorandum.

## II.    STATEMENT OF FACTS.

By letter dated September 10, 2025, the parties jointly requested a page-limit extension of fifteen pages over the twenty-five (25) pages permitted by Local Rule 7(a)(2)(c) for the upcoming motion to dismiss to be filed by Defendants. On September 11, 2025, the Court subsequently approved such request and granted Defendants leave to file to forty (40) pages for their memoranda in support of their then forthcoming Motion and the same amount for Plaintiffs' opposition. ECF No. 28.

On September 17, 2025, pursuant to the Joint Stipulation and Scheduling Order (ECF No. 25), Defendants filed the Notice of Motion to Dismiss seeking dismissal of Plaintiffs' Amended Complaint (ECF No. 29). In support of their Motion, Defendants filed their Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint, and a declaration that attached 32 exhibits. ECF No. 31 ("Memorandum" or "Memo."); ECF No. 30 (the "Declaration"); ECF Nos. 30-1 – 30-32 (the "Exhibits"). In drafting their opposition to

---

improper inclusion and use of these Exhibits by Defendants. *See* Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Opposition").

[2] Local Rule 7(a)(3) does not require an accompanying declaration, affidavit, or affirmation for a motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure. W.D.N.Y. Loc. Civ. R. 7(a)(3). Moreover, as no evidence beyond the filings with the Court is necessary to resolve the motion, no accompanying declaration, affidavit, or affirmation is submitted herewith under Local Rule 7(a)(3).

2

Defendants' factual and legal arguments in the Memorandum, Plaintiffs learned that Defendants' factual and legal arguments were not limited solely to the forty pages of the body of the Memorandum, but also included in the 58 additional pages in the *four* appendices. *See* ECF No. 31-1 (Appendix A to the Memorandum); ECF No. 31-2 (Appendix B to the Memorandum); ECF No. 31-3 (Appendix C to the Memorandum); ECF No. 31-4 (Appendix D to the Memorandum).

Defendants' Appendix A consists of 40 pages that detail Defendants' legal "Bases for Dismissal" for the misstatements alleged in the Amended Complaint. ECF No. 31-1; Memo. at 30. Appendix B consists of 12 pages detailing Defendants' purported factual bases for their legal arguments that certain of the alleged misstatements are inactionable as forward-looking statements. ECF No. 31-2, at 1 n.1 ("This chart compiles cautionary language and specific risk disclosures relevant to the alleged misstatements in the Amended Complaint, which renders forward-looking statements inactionable under the first prong of the PSLRA safe harbor. 15 U.S.C. § 78u-5(1)(A)(i)"); *see* ECF No. 32-1; Memo. at 5, 28-29. Appendix C consists of five pages of Defendants' purported factual recitations and factual arguments to support their arguments in the Memorandum detailing Defendants' purported reasons and mathematical calculations purportedly evidencing the factual reasons for Defendants legal conclusion that Defendants Newlands and Hankinson's acquisitions and dispositions of STZ securities before and during the Class Period are not indicative of their scienter. ECF No. 33-1; Memo. at 5, 35-38. Finally, Appendix D consists of a one-page chart providing Defendants' factual arguments to support that Defendants ultimately met their second revised guidance (Defendants' revised fiscal year 2025 guidance issued after the Class Period on January 10, 2025) and were on track to meet their guidance throughout the relevant

3

periods in the Class Period to support Defendants' arguments that the misstatements were not false and/or misleading.[3] ECF No. 31-4; *see e.g.,* Memo. at 6, 12.

Additionally, with the Declaration, Defendants submitted to the Court and Plaintiffs an additional 1,052 pages in support of their Memorandum. Defendants rely upon these Exhibits almost exclusively to present Defendants' version of the facts before, during, and after the Class Period while eschewing Plaintiffs' well-plead factual allegations in the Amended Complaint. *See* Memo. at 3-13 (Defendants' "fact" section titled "Background" citing predominantly to the Exhibits and the Appendices rather than the Amended Complaint); Opposition at Section IV.A. Appendices B-D, are each reliant upon the information in the Exhibits. *See* Appendices. Thus, when taking into account the Exhibits as well as the Appendices, Defendants' Motion consists of thirty-nine (39) separate documents and 1,167 pages.[4]

As Plaintiffs have set forth in the Opposition, the inclusion of Defendants' revisionist factual "Background" is improper. *See Opposition* at Section IV.A. Defendants rely on the Exhibits not merely to show that they exist, but to introduce their content for the truth of the matter asserted in an attempt to prove Plaintiffs' allegations false and thereby improperly creating factual issues that would require the Court at the motion to dismiss stage to weigh evidence despite the Court on a Rule 12(b)(6) motion being required to accept as true all factual allegations and draw all reasonable inferences in plaintiff's favor. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007). Given that Defendants' Memorandum and its Appendices rely upon Defendants' version of the facts sourced from the Exhibits and not solely from those alleged in the Amended Complaint, Plaintiffs have requested that Court convert the Motion to one for summary

---

[3] All calculations of page lengths in this paragraph exclude the document's title page and table of contents excepting Appendix B given the argument in the footnote on the cover page.
[4] Combined page count of entire documents filed including cover pages and signature blocks.

judgment, or at minimum, disregard Defendants' purported facts and the arguments that rely upon the Exhibits. *See* Opposition at IV.A.

### III.   STANDARDS OF LAW.

"[P]age limits serve important functions" as they are meant to focus the parties' arguments and conserve judicial resources. *See United States v. Kiwitt*, No. 20-CR-6097-CJS-MJP-1, 2025 WL 2443680, at *4 (W.D.N.Y. Aug. 25, 2025). Accordingly, Local Rule 7(a)(2)(c), limits memorandum in support of a motion to twenty-five (25) pages without leave of court. W.D.N.Y. Loc. Civ. R. 7(a)(2). In order to ensure that such page limitations are not violated, affidavits, declarations, or affirmations "must not contain legal arguments." *See* W.D.N.Y. Loc. Civ. R. 7(a)(3). "Failure to comply with this requirement may constitute grounds for resolving the motion against the non-complying party." *Id.*

Moreover, "[i]t is well-established that a court has the 'inherent authority' to manage the cases before it" and "that 'inherent authority' includes the court's ability 'to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances." *Muench Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.*, No. 09 CIV. 2669 LAP, 2015 WL 4757601, at *3 (S.D.N.Y. Aug. 12, 2015). As such, "[a] district court has discretion in deciding whether to strike a submission not in compliance with a local rule." *Laboy v. Ontario Cnty., N.Y.*, 56 F. Supp. 3d 255, 259 (W.D.N.Y. 2014). Thus, "[m]otions that do not comply with a court's local rule page limits may be stricken." *Kiwitt*, 2025 WL 2443680, at *4; *see Venkataraman v. Kandi Techs. Grp., Inc.,* No. 20 CIV. 8082 (DEH), 2025 WL 2770640, at *3 n.1 (S.D.N.Y. Sept. 26, 2025) (disregarding Defendants' last five pages of brief for contravening page limitations in scheduling order); *Wlasiuk v. Noeth*, No. 9:17-CV-0972 (MAD/DEP), 2017 WL 11913991, at *1 (N.D.N.Y. Sept. 29, 2017) ("[P]etitioner's memorandum of law is stricken and will not be

considered by the Court because it exceeds, without prior permission from the Court, the twenty-five page limit for memoranda of law . . . .").

## IV.    ARGUMENT.

The questions before the Court are straightforward ones: did Defendants violate the Court's Order limiting their Memorandum to forty pages and/or Local Rule 7(a)(3) by including the Appendices? Here, the Court should find so and provide Plaintiffs their requested relief.

As detailed in Plaintiffs' Opposition, Defendants did not rely upon Plaintiffs' allegations in the Amended Complaint in seeking dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, but rather proffered their purportedly true version of what transpired before, during, and after the Class Period relying on the content of Exhibits. *See* Opposition at Section IV.A. This is blatantly contrary to established law in this Circuit, and on these grounds alone, warrant the denial of the Motion and/or conversion of the Motion to one for summary judgment. *Id*.

Notwithstanding, these violations of well-established law, Defendants have now also violated the Court's Order limiting their Memorandum to forty pages by attaching Appendices that include an additional 58 pages of factual and legal arguments. These issues are not separate and apart. Namely, Defendants have included so much information outside the allegations of the Amended Complaint that they have resorted to Appendices to make their factual and legal arguments that should have been included, if at all, in the body of the Memorandum. By including the legal argument in these so called "Appendices", Defendants' have not only purposefully violated the Order but also Local Rule 7(a)(3). *See* W.D.N.Y. Loc. Civ. R. 7(a)(3); W.D.N.Y. Loc. Civ. R. 7(a)(2)(c) (setting page limits for briefs in support of motions to twenty-five (25) pages and setting procedure to request leave to exceed the page limit).

As a result, Plaintiffs are not only prejudiced by the content of Defendants' Memorandum, including the new factual narrative concocted by Defendants including that presented in the Appendices, but are also prejudiced by being confronted with legal and factual arguments that are *fifty-eight (58) pages* beyond the page limits consented to by Plaintiffs and set by this Court in the Order. As detailed herein, the Appendices are veiled legal arguments consisting of Defendants' legal bases for dismissal of the claims (*see, e.g.* Appendix A), mixed factual and legal bases (Appendices B and C), and factual bases outside the confines of the Amended Complaint used to provide the factual arguments to support Defendants' legal authority cited in the Memorandum (Appendices B-D). This is not what Plaintiffs consented to when Defendants sought a mere fifteen (15) page extension to the twenty (25) page limitation set by Local Rule 7(a)(2)(c) for the Memorandum and when Plaintiffs agreed to receive an equal fifteen-page extension for their Opposition to respond to Defendants' then-forthcoming Motion.

Plaintiffs have been prejudiced by this gamesmanship and blatant contravention of established Second Circuit law, the Local Rules, and the Court's Order. Simply put, left to stand unchecked by the Court, Plaintiffs would be required to respond to 58 pages of additional legal arguments and over 1,000 pages of factual documents provided through the Exhibits in the forty (40) pages the Court has permitted for Plaintiffs' Opposition. Defendants' flagrant violation of the Order unquestionably prejudices Plaintiffs in that while Defendants are unconstrained by page limitations and the factual allegations in the Amended Complaint, Plaintiffs are bound by both in responding to Defendants' arguments. *See Monec Holding AG v. Motorola Mobility, Inc.*, No. CV 11-798-LPS-SRF, 2014 WL 4402825, at *2 (D. Del. Sept. 5, 2014) (striking opening brief finding in part the party opposing the motion was "prejudiced" because "it must respond to the 272–page exhibit within the briefing page limitations established by the court.").

7

A. **"APPENDIX A: CHART OF ALLEGED MISSTATEMENTS, ORGANIZED BY CATEGORY AND BASES FOR DISMISSAL"**

Appendix A is nothing more than a thinly veiled means of introducing 40 additional pages of purely legal argument into the Memorandum. In fact, Defendants admit that the content of the chart is legal argument by plainly stating that is their "Legal Bases." ECF No. 30-1. This is further evidenced by Defendants stating in the Memorandum that in Appendix A "[i]n addition to grouping the challenged statements by topic (Projections, Consumer Statements, and Accurate Historic Data), Appendix A identifies each statement that is protected by the PSLRA safe harbor, an inactionable opinion, or inactionable corporate optimism." ECF 30-1; Memo. at 29 n.12. Although Defendants will inevitably argue that this chart is merely for the benefit of the Court in navigating the multiple alleged misstatements and Defendants' defenses, this is not so.

Defendants requested an additional 15 pages to present their factual and legal arguments in support of their then forth coming motion to dismiss. If Defendants believed they required more, they could have properly sought such relief. Notwithstanding, Defendants choose to embark on gamesmanship and openly flaunting the Order and Local Rule 7(a)(3) by relying on Appendix A to present their legal arguments in an appendix as opposed to the body of their Memorandum.

In order for Plaintiffs to effectively respond to Appendix A, Plaintiffs would have to violate the Court's page limitations and create a competing chart with factual and legal argument to rebut each legal basis. This is not what Plaintiffs consented to do and Plaintiffs have no intention of violating the Court's Order on page limitations. As such, the Court should deny Defendants' Motion in its entirety as Appendix A is entirely legal argument and Defendants were well aware of the page limitations having requested a received leave from the Court.

In *Luo v. Spectrum Pharmaceuticals., Inc.,* No. 2:21-CV-01612-CDS-BNW, 2024 WL 4443323 (D. Nev. Oct. 7, 2024)*,* Plaintiffs were faced with an almost identical situation to the one here where Plaintiffs were confronted with additional legal argument beyond the confines of the body of Defendants' opening brief that Defendants represented to be a mere summary chart. The Court was not fooled by this presentation finding that the chart was not a "helpful organizational chart" but rather additional legal argument that Defendants "apparently did not have space to specify in the brief itself" finding:

> Defendants were given a thirty-five-page limit in which to present their arguments as to which parts of the complaint should be dismissed and why. ECF No. 98. The chart in exhibit 1 contains an amalgamation of statements from the complaint accompanied by a column on the right labeled "Basis for Dismissal," which contains bullets for why each statement is purportedly dismissible, for reasons such as "no falsity," "opinion statement," "safe harbor," "puffery" and "no scienter." Defs' Ex. 1, ECF No. 100-1. This is not a helpful organizational chart—it is, as Luo argues, an extension of the dismissal argument that defendants wish the court to consider and resolve but apparently did not have space to specify in the brief itself.

*Id.* at *6. Accordingly, the exhibit was stricken as legal argument outside the Court-approved page limits. *Id.*

Other courts have likewise found that these types of charts are nothing more than thinly disguised legal argument contravening the court's page limitations. *See, e.g., In re Acadia Pharms. Inc. Secs. Litig.*, No. 18-CV-01647-AJB-BGS, 2020 WL 2838686, at *3 (S.D. Cal. June 1, 2020) (finding that "Defendants utilized this chart to identify 108 statements encompassing 38 paragraphs of the complaint in a 25-page chart . . . This is simply an extension of Defendants' argument."); *Monfort v. Adomani*, No. 18-CV-05211-LHK, 2019 WL 6311378, at *4 n.3 (N.D. Cal. Nov. 25, 2019) (finding declaration "with a chart that spans over nine pages and that purports to identify fraudulent statements and why each statement was false when made" as appending "legal argument" and "tactics [that] circumvent the page limits set forth in the Civil Local Rules.");

9

*Cheng Jiangchen v. Rentech, Inc.*, No. CV 17-1490-GW(FFMX), 2017 WL 10363990, at \*2 (C.D. Cal. Nov. 20, 2017) (striking and not considering "Appendix A that consolidates [Defendants'] allegedly false and misleading statements and highlights what Defendants contend are defects in Plaintiff's pleading").

## B. "<u>APPENDIX C</u>: INDIVIDUAL DEFENDANTS' STOCK TRANSACTIONS"

Defendants' Appendix C is a particularly egregious example of factual and legal argument disguised as a factual recitation purportedly for the Court's benefit and convenience. Notably, Appendix C consists of five pages of factual arguments - which they purportedly deciphered from all of the numerous Forms 4 compiled in Exhibits 25 and 26, if not others - that Defendants are relying upon to support their legal arguments and authorities in the Memorandum. Memo. at 34-39.  Defendants purpose is clear, this is not to merely summarize factual information but rather to present their version of Defendants Newlands and Hankinson's insider sales including their quantities, proceeds, profits, and timing, all which are based on the assumptions Defendants selected to include so that they may present the calculations in a way that is most favorable to Defendants. Compare ECF 30-3 with *Luo*., 2024 WL 4443323, at \*6 (not striking exhibit concerning defendants' stock sales when the chart "simply compiles the individual defendants' stock trades contained in Appendix E to the SAC and adds two columns which transcribe from exhibit 33 whether defendants reported each trade as being pursuant to a Rule 10b5-1 Trading Plan, a tax withholding obligation, or both" but not accepting such chart for the truth of the matter asserted).

Moreover, Defendants present legal argument in Appendix C by applying their purported facts to the legal authorities in the Memorandum. *See, e.g,*. ECF 30-3 at 4 n.1 ("Defendants omitted Mr. Newlands' May 1, 2024 stock transaction since the disposition of stock that day was not a sale and instead covered exercise price and tax liability incidental to receiving more STZ securities.

(*Supra* Table 2, n.1.) In any event, this transaction occurred 19 days after the closest prior alleged misstatement on April 12, 2024 and 28 days in advance of the next alleged misstatement on May 29, 2024."); *id.* at 2. n.2 ("Plaintiffs do not claim that Mr. Newlands made an alleged misstatement after October 4, 2024. The final alleged misstatements by any Defendant occurred on December 3, 2024 (AC ¶¶ 164-67)—35 days after the October 29, 2024 trade and 19 days after the November 14, 2024 trade."). "The fact that plaintiffs omitted formal caselaw citations from their declaration and included them in their memorandum does not change the nature of their declaration." *Murphy v. Maggs*, No. 18-CV-6628FPG, 2024 WL 884992, at *6 (W.D.N.Y. Mar. 1, 2024), *reconsideration denied*, No. 18-CV-6628FPG, 2024 WL 5001415 (W.D.N.Y. Dec. 6, 2024), *reconsideration denied sub nom. Murphy v. Cnty. of Chemung*, No. 6:18-CV-06628 FPG, 2025 WL 207946 (W.D.N.Y. Jan. 16, 2025), *reconsideration denied*, No. 6:18-CV-06628-FPG-CDH, 2025 WL 1903787 (W.D.N.Y. July 10, 2025).

Moreover, as Plaintiffs' highlight in their Opposition, this yet again Defendants embarking on a factual dispute by introducing materials outside the pleadings for the truth of the matter asserted to force the Court to weigh evidence at the motion to dismiss stage. *See, e.g.* Opposition at IV.A. Given the circumstances, the only fair way to handle the issues presented here and detailed in the Opposition is to deny the Motion in its entirety or to convert Defendants' Motion to one for summary judgment.

### A.  <u>**APPENDIX B**</u>**: CHART OF CAUTIONARY LANGUAGE"**

Appendix B consists of twelve (12) pages of risk warnings compiled by Defendants in support of their arguments that STZ's investors were warned of the risks and that the forward-looking statements were accompanied by meaningful risk disclosures. *See* Memo. at 2, 4-5, 28-29. Defendants devoted a ***singular sentence*** detailing the content of the risk warnings (which were not included, referenced, or integral to the Amended Complaint) highlighting as examples just a

few words from the twelve (12) pages of risk factors in Appendix B. *Id.* at 28-29. Apparently, Defendants expect the Court to determine which portions and to which misstatements that these risk factors apply given that they included virtually no discussion in the Memorandum. *See id.* It is apparent that Defendants rely on Appendix B to make their factual arguments in support of their legal propositions in the Memorandum.

## B. "<u>APPENDIX D</u>: CHART OF FY 2025 GUIDANCE AND SUBSEQUENT REVISIONS"

Appendix D is the least egregious of the Appendices consisting of a one-page chart. Defendants rely upon Appendix D to argue that Defendants' have met their revised FY 2025 revised guidance provided on January 10, 2025 in support that the alleged misstatements were not false. Memo at 12. Appendix D seeks to use Defendants' Exhibits to interject their factual narrative outside the confines of the well-plead allegations of the Amended Complaint. Given the space constraints in the body of the Memorandum, Defendants again improperly rely upon the Appendices to summarize the bases for the arguments.

## C. RELIEF IS WARRANTED.

In this motion, Plaintiffs seek relief from Defendants' facially apparent violations of the Order and Local Rule 7(a)(2)(c). Defendants are represented by sophisticated counsel who are well aware of the Local Rules as evidenced by them seeking leave to exceed the 25-page limit set by Local Rule 7(a)(2)(c) and requesting a reply in their Motion pursuant to Local Rule 7(a)(1). *See* ECF Nos. 29, 30, 31.

Given the blatant circumvention of the Court's Order and Defendants' revisionist factual arguments relying on the Exhibits (as set forth in the Opposition), the only fair relief is to deny the Motion in its entirety or to covert the Motion to one for summary judgment. Given the factual issues raised, the appropriate time to address Defendants' arguments and factual averments is at

the summary judgment stage. Defendants were presented with an opportunity to seek dismissal of the Amended Complaint for failing to allege with specificity allegations of fraud sufficient to state a claim under the established precedent in the Second Circuit within the confines of the deadlines and page limitations set by this Court. Defendants, however, have chosen another path and should not benefit from it.

If, however, the Court still finds as a preliminary matter that the Motion should not be denied or converted to a motion for summary judgment due to Defendants' violations of the Order and/or the inclusion of the Exhibits for the truth of the matter asserted in the Memorandum, the Court should strike the Appendices and the arguments in the Memorandum that rely upon them for failing to comply with the page limitations that the parties agreed upon and the Court ordered. Here, each "document is not an" appendix "it is pure argument, which should have been included in a brief, if it was to be included at all." *Velez v. Novartis Pharms. Corp.*, No. 04 CIV. 9194 (CM), 2009 WL 3395091, at *1 (S.D.N.Y. Oct. 20, 2009) (striking exhibit to motion for summary judgment). In this event, the Court should strike or disregard the Appendices and the arguments based upon them. *See, e.g., SA Luxury Expeditions, LLC v. Schleien*, No. 22-CV-3825 (VEC), 2022 WL 3718310, at *4 n.6 (S.D.N.Y. Aug. 29, 2022) (disregarding arguments that were presented in excess of the page limitations); *Purifoy v. Walter Inv. Mgmt. Corp.,* No. 13-CV-937 (RJS), 2015 WL 9450621, at *1 n.1 (S.D.N.Y. Dec. 22, 2015) (disregarding seven pages of "exhibits" that asserted additional arguments in an "attempt to distinguish" arguments made by opposing party); *Quattlander v. Ray*, No. 18-CV-3229 (CS), 2021 WL 5043004, at *2 (S.D.N.Y. Oct. 29, 2021) (declining to consider affirmation that contained "factual summaries and legal argument" that were attempting to "bypass" the judge's page limitations); *Luo*, 2024 WL 4443323, at *6 (striking exhibit with chart of legal bases why alleged misstatements were inactionable);

13

*CareMatrix Corp. v. Kaplan*, No. CV053173TCPGRB, 2012 WL 13102106, at *2 (E.D.N.Y. July 3, 2012) (striking a declaration which sought to circumvent the page limitations for the memorandum); *Moussouris v. Microsoft Corp.*, No. C15-1483JLR, 2018 WL 3328418, at *10 (W.D. Wash. June 25, 2018), *aff'd,* 799 F. App'x 459 (9th Cir. 2019) (striking a chart "as improper legal argument outside the court-approved page limit" that "while couched in factual assertions, contains significant argument regarding why several of Microsoft's assertions are erroneous.").

## V.    CONCLUSION.

For the reasons set forth above, Plaintiffs respectfully request that the Court grant deny the Motion in its entirety, or in the alternative, to strike the Appendices and the arguments in the Memorandum based thereon.

Dated: November 14, 2025                            Respectfully submitted,


                                                    **LEVI & KORSINSKY, LLP**

                                                    */ s / Daniel Tepper*
                                                    Daniel Tepper
                                                    Nicholas I. Porritt

                                                    *Counsel for Lead Plaintiff Low Lily and*
                                                    *Plaintiff Macaria Meza and Lead*
                                                    *Counsel for the Class*

                                                    Levi & Korsinsky, LLP
                                                    33 Whitehall Street, 27th Floor
                                                    New York, NY 10004
                                                    Tel: (202) 363-7500
                                                    Fax: (212) 363-7171
                                                    Email: dtepper@zlk.com
                                                    Email: nporritt@zlk.com

                                                    Alexander A. Krot III (*pro hac vice* application
                                                    forthcoming)
                                                    1101 Vermont Ave, NW Suite 800

Washington, DC 20005
Tel: (202) 524-4290
Fax: (212) 363-7171
Email: akrot@zlk.com

15

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2025, I electronically filed the foregoing by using

the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record.


*/s/ Daniel Tepper*
Daniel Tepper

16